UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ALI SADR HASHEMI NEJAD,<br><br>*Defendant*. | Case No. 18 Cr. 224 (ALC)<br><br>ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ALI SADR HASHEMI NEJAD'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF UNCHARGED CURRENCY EXCHANGE ACTS**

Defendant Ali Sadr Hashemi Nejad respectfully moves in limine to exclude recently-disclosed evidence of uncharged acts involving the exchange of U.S. dollars for Venezuelan Bolivars. Such acts are not charged in the Indictment, and are not part of, or relevant to, any charged offense. The government has given no notice of intent to admit evidence of other acts under Federal Rule of Evidence 404(b), and the deadline for such notice is long past. Evidence of uncharged currency exchange acts is inadmissible at trial.

Though the Indictment charges six different offenses—six different theories of criminal liability—it bases them on a single set of facts comprising a single alleged scheme. The Indictment charges Sadr with having conspired and schemed to cause U.S.-based intermediary banks to process international wire transfers of funds from a Venezuelan housing project owner to Swiss bank accounts owned by Clarity Trade and Finance ("Clarity"), a Swiss company, and Stratus International Contracting, J.S. ("Stratus Turkey"), a Turkish company, on behalf of Iranian individuals and entities, including the Iranian International Housing Company, to conceal from U.S. banks and others that services were being exported to Iran in violation of the

1

sanctions. Ind. ¶ 12. The Indictment charges this conduct was intended to: violate the U.S.-Iranian trade sanctions regulations (Count Two); frustrate OFAC's enforcement of those regulations (Count One); defraud the intermediary banks (Counts Three and Four); and promote the above offenses through international monetary transactions (Counts Five and Six). Every one of those counts is based on the same set of factual allegations in the Indictment. *See* Ind. ¶¶ 1-13, 16; *see also* Ind. ¶¶ 17, 21, 22, 24, 27, 28, 30, 33 (incorporating and re-alleging those allegations).

The government's recent witness and Jencks Act disclosures reveal one witness, interviewed for the first time on February 13, 2020, who apparently will testify, if permitted, about a Bolivar exchange transaction. Specifically, the witness, a Venezuelan national living in the United States, will testify that when she and her father sold a house and shopping center in Venezuela, and sought to receive the purchase price in U.S. dollars rather than Bolivars, a Venezuelan bank manager referred them to a currency exchange transaction in which they sent a check for the sale proceeds in Bolivars to an entity named Ochomares y Estrella, and days later received in return a wire transfer for the equivalent sum in U.S. Dollars. The wire transfer was sent from the Swiss bank account of Stratus Global Investments, a St. Kitts company allegedly owned by Sadr. The witness has stated that such exchanges were common practice at the time, since Venezuelan nationals had trouble getting Bolivars to the United States. She also explained it was likely that Stratus purchased the Bolivars to use them locally in Venezuela.

This evidence of an exchange of dollars for Bolivars in Venezuela is not mentioned anywhere in the Indictment, and does not form any part of any allegation or any charged offense therein. Though there is nothing wrongful on its face about exchanging dollars for Bolivars, Sadr anticipates the government will argue that this currency exchange is somehow evidence of

2

wrongdoing supporting the Indictment's charges. (Indeed, the government would have to so argue to show such evidence is relevant.) But such extrinsic evidence, unrelated to the clearing transactions that the Indictment charges to be crimes, would be inadmissible under Rule 404(b). The government has given no 404(b) notice; the deadline for such notice has passed; and the government cannot show any purpose for such evidence other than to try to show generalized wrongdoing by Sadr related to the Venezuela Project. That is precisely the type of bad character or propensity evidence prohibited by Rule 404(b).

## Governing Legal Principles

"[I]t is axiomatic that the defendant need answer only for the crime he or she is currently charged with." 1 Edward J. Imwinkelreid, *Uncharged Conduct Evidence* § 1:3, at 1-18 (2015). "A crime is made up of acts and intent; and these must be set forth in the indictment with reasonable particularity of time, place, and circumstances." *United States v. Hess*, 124 U.S. 483, 487-88 (1888); *see also United States v. Pirro*, 212 F.3d 86, 93 (2d Cir. 2000) (noting the indictment must contain "such a statement of the facts and circumstances as will inform the accused of the specific offense[s] ... with which he is charged") (quoting *Hess*).

"[T]he prosecution [may] not fill in elements of its case with facts other than those considered by the grand jury." *Pirro*, 212 F.3d 86 at 92 (citation omitted). "The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge," *Russell v. United States*, 369 U.S. 749, 771 (1962) (citation omitted), and the defendant may not "be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." *Id.* at 768; *accord Pirro*, 212 F.3d at 92; *see also United States v. Burr*, 25 Fed. Cas. 55, 172 (C.C. Va. 1807) (Marshall, C.J.) (holding the defendant "can only be

3

convicted on the overt act laid in the indictment. With respect to this prosecution, it is as if no other overt act existed.").

Evidence of other uncharged acts is inadmissible to show bad character or propensity to commit the charged offenses. *See* Fed. R. Evid. 404(b)(1); 1 *McCormick on Evidence* § 190 (8th ed. 2020). "Other acts" evidence undermines the presumption of innocence, 1 *McCormick* § 190, at 1146 n.1 (collecting cases), and invites the risk of conviction on the improper basis of past deeds other than those charged. 1 Imwinkelreid § 1:3. Therefore, "other acts" evidence is admissible only for non-propensity purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In order to admit "other acts" evidence for such a purpose, the prosecutor must give notice to the defense before trial. *See id.* Such notice must detail the evidence to be offered and the basis for its admissibility under the rule. *See, e.g.*, *United States v. Vilar*, 530 F. Supp. 2d 616, 640 (S.D.N.Y. 2008) (requiring such notice 60 days before trial); *United States v. Melendez*, No. 92 Crim. 047 (LMM), 1992 WL 96327, at *1 (S.D.N.Y. Apr. 24, 1992) (requiring notice of "each crime, wrong or act by its specific nature, ... place ..., and approximate date"). The notice must be sufficient to allow the defendant to raise, and the court to rule on, any motions related to the proposed evidence. *See, e.g.*, *United States v. Williams*, 181 F. Supp. 2d 267, 298 & n.28 (S.D.N.Y. 2001); *United States v. Taveras*, No. 94 Cr. 766, 1995 WL 600860, at *8 (S.D.N.Y. Oct. 11, 1995) (collecting cases).

On September 19, 2019, this Court ordered "that any 404(b) motions and motions *in limine* be filed by December 20, 2019." Order, Dkt No. 141.

**Discussion**

**I. Evidence regarding currency exchange of dollars for Bolivars in Venezuela is neither part of nor relevant to the charged offense conduct**

The Indictment here charges a single set of facts: that Sadr and others engaged in a conspiracy or scheme, whereby:

- Stratus Group engaged in a project to build housing in Venezuela, Ind. ¶¶ 6-9;

- Sadr and CC-1 incorporated two entities outside Iran—Clarity, incorporated in Switzerland, and Stratus Turkey, incorporated in Turkey—and opened bank accounts for those entities in Switzerland, Ind. ¶¶ 11, 16.d, 16.g, 16.i, 16.j;

- Sadr and others caused the Venezuelan project owner to wire fifteen payments, totaling approximately $115 million, to Clarity and Stratus Turkey's bank accounts in Switzerland, using correspondent banking transactions that were processed by U.S.-based intermediary banks located in New York, Ind. ¶¶ 13, 16.n, 16.q, 16.t through 16.aa, 16.cc, 16.ee through 16.nn, 16.pp through 16.vv, 16.xx through 16.zz; and

- Sadr and others allegedly engaged in this scheme in order to violate, evade, and avoid U.S. trade sanctions against Iran. Ind. ¶¶ 12, 15, 18-20.

Although the Indictment charges six different parallel offenses, each charged offense incorporates, and is based on, the same set of factual allegations. *See* Ind. ¶¶ 14-16 (Conspiracy to Defraud the United States); Ind. ¶¶ 17-21 (Conspiracy to Violate IEEPA); Ind. ¶¶ 22-23 (Bank Fraud); Ind. ¶¶ 24-27 (Conspiracy to Commit Bank Fraud); Ind. ¶¶ 28-29 (Money Laundering); Ind. ¶¶ 30-33 (Conspiracy to Commit Money Laundering).

None of the counts of the Indictment alleges any offense conduct outside the above common set of facts. None of the counts of the Indictment contain any allegations relating to Sadr, Stratus Group, or any Stratus-affiliated entity exchanging dollars for Bolivars in Venezuela. There is no mention anywhere of such dollars-for-Bolivars exchange being part of any charged offense, or a means of furthering a charged offense, or being in any way unlawful or improper. The subject of currency exchange in Venezuela is entirely absent from the Indictment's allegations.

5

Thus, the apparent subject of the above witness's testimony does not relate in any way to any of the facts or offenses being tried. The witness's testimony about a single exchange of dollars for Bolivars is wholly irrelevant under Rule 401, and inadmissible under Rule 402.

Even if, arguendo, the evidence had any minimal probative value on any relevant issue, the risk of confusing or misleading the jury, inviting conviction on a basis other than that charged in the indictment, and the delay caused by a distracting mini-trial on the propriety, impropriety, and/or relevance of such a currency exchange would outweigh such value, and make the evidence inadmissible under Rule 403.

## II.     Any Rule 404(b) evidence is untimely and inadmissible

In this case, Sadr requested notice of any 404(b) evidence in April 2018. *See* Dkt. No. 189-1 ¶ 13. Current defense counsel adopted that request upon entering the case in 2019. *See* Dkt. No. 92-1 ¶ IX. This Court ordered that "any 404(b) motions and motions in limine be filed by December 20, 2019." Order, Dkt. No. 141.

The government has never given any Rule 404(b) notice to date. The government's disclosure of its witness's *Jencks* statements little more than a week before trial did not identify this evidence as 404(b) evidence; did not explain the basis for its admissibility under that Rule; and did not allow its admissibility under Rule 404(b) to be addressed in motions submitted by the December 2019 motion deadline. "Because the notice requirement serves as a condition precedent to the admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met." Fed. R. Evid. 404(b), adv. comm. note; *see also United States v. Frazier*, No. S6 15-CR-153 (VSB), 2019 WL 761912, at *8 (S.D.N.Y. Feb. 21, 2019) (ruling evidence inadmissible under Rule 404(b) where government did not give notice).

6

## CONCLUSION

For the reasons set forth above, the Court should prohibit the government from offering evidence or argument contending that uncharged acts of exchanging dollars for Bolivars constitute evidence of guilt of the charged offenses.

Respectfully submitted,

*/s/ Brian M. Heberlig*
Reid H. Weingarten
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
rweingarten@steptoe.com

Brian M. Heberlig (*Pro Hac Vice*)
Bruce C. Bishop (*Pro Hac Vice*)
David M. Fragale
Nicholas P. Silverman (*Pro Hac Vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 429-3000Bishop
Fax: (202) 429-3902
bheberlig@steptoe.com

*Counsel for Defendant Ali Sadr Hashemi Nejad*

Dated: February 24, 2019