UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/17/2021
```

United States of America,

–v–

Ali Sadr Hashemi Nejad,

          Defendant.

18-cr-224 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On September 16, 2020, the Court ordered the prosecutors involved in this case to file declarations concerning apparent prosecutorial misconduct so that the Court could determine whether further fact-finding was required. Dkt. No. 379. The Court sets out its reasoning in more detail in an Opinion concurrently filed under temporary seal to allow the prosecutors an opportunity to propose limited redactions. It summarizes its conclusions and orders below.

    The Government's prosecution of Mr. Sadr for alleged evasion of sanctions against Iran was marred by repeated failures to disclose exculpatory evidence and misuse of search-warrant returns. These errors were so severe that following a jury verdict in its favor, the Government determined that further prosecution of the case would not be in the interests of justice. On the joint request of the parties, the Court vacated the jury verdict and dismissed the charges against Mr. Sadr with prejudice.

    The Court chronicled this extraordinary saga in its prior Opinion in this case dated September 16, 2020. *See United States v. Nejad*, No. 18-cr-224 (AJN), 2020 WL 5549931 (S.D.N.Y. Sept. 16, 2020). In that Opinion, the Court focused primarily on a document marked as GX 411 that the Government did not disclose until days into trial and that it now concedes had

exculpatory value. Once prosecutors realized that GX 411 had not been timely disclosed, they sought to "bury it" in a list of previously disclosed documents. When the Court ordered the Government to explain whether it had informed the defense that GX 411 was a newly disclosed document, the Government falsely implied that it had.

To develop a record, the Court directed the prosecutors in its September 16 Opinion to submit declarations under penalty of perjury detailing the circumstances of the late disclosure and the misrepresentation to the Court. In particular, the Court had continuing questions about whether prosecutors' disclosure violations or misstatements were intentional. The Court then requested briefing on whether a further evidentiary hearing was necessary.

The prosecutors have requested that their declarations and the exhibits be maintained under seal. *See* Dkt. Nos. 383–87, 394–95. Mr. Sadr and two press organizations oppose sealing. *See* Dkt. Nos. 389, 394, 388, 393. Astonishingly, even in its latest filings, the Government has informed the Court of yet another failure of disclosure in this case related to the FBI's review of raw state search-warrant returns.

The Court remains of the view expressed in its September 16 Opinion that the disclosure failures and misrepresentations in this case represent grave derelictions of prosecutorial responsibility. However, based on the record before it, the Court does not conclude that any of the prosecutors knowingly withheld exculpatory information or intentionally misrepresented facts to the Court. In light of this, and given the systemic nature of the errors and misconduct that occurred in this case, the Court will not engage in further fact-finding. Instead, the Court urges a full investigation by DOJ's Office of Professional Responsibility of all matters related to prosecutorial misconduct in this case. It is the Court's hope that reforms adopted by the United

States Attorney's Office, coupled with a full investigation by OPR, will ensure that the Government's errors in this case are not repeated.

Beyond this, accountability and reform can also come from sunlight. The prosecutorial misconduct in this case is of exceptional public interest, bearing both on the fair administration of justice for criminal defendants and the efficacious prosecution of violations of federal law. The Court concludes that the public interest in access to the prosecutor declarations, exhibits, and party letters in this case outweighs the privacy interests of those involved, and so orders release of substantially all of those materials.

The Court thus ORDERS as follows:

1. The Court does not find that the prosecutors intentionally withheld documents from the defense or intentionally misled the Court, and thus will not engage in further fact-finding related to attorney misconduct.
2. The Court urges a full investigation by the Office of Professional Responsibility.
3. The Court GRANTS the motions of the press organizations to intervene and DENIES in predominant part the prosecutors' applications to seal.
4. The Court ORDERS the Government to submit a status report within six months concerning the FBI's use of raw search-warrant returns.

The Court will permit the prosecutors to propose limited redactions to the Court's Opinion concurrently filed under temporary seal and their filings related to prosecutorial misconduct. Any proposed redactions shall be consistent with the principles set forth in the Court's concurrently filed Opinion and shall be justified by reference to the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Proposed redactions to the Opinion must be submitted on or before February 19, 2021. Proposed redactions to the other filings must be submitted on or before February 24, 2021.

SO ORDERED.

Dated: February 17, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge